**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| The Estate of RONALD KLINE, deceased, by DWIGHT KLINE, as Administrator, <br><br> Plaintiff, <br><br> v. <br><br> THE REGIONAL TRANSPORTATION PLAN, and/or <br><br> EMPOWER, INC. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     Case No. _____ |

**<u>COMPLAINT FOR BREACH OF FIDUCIARY DUTY</u>**

**NOW COMES Plaintiff, Estate of Ronald Kline, Dwight Kline, as Administrator, by his attorney, Scott Larson of Vanek, Larson & Kolb, LLC and to complain of the Defendants as follows:**

1. Ronald Kline died May 24, 2023, at age 71. Ronald Kline's brother, Dwight Kline, was appointed the Administrator of the Estate of Dwight Kline (herein "the Estate" ) in the DuPage County (Illinois) Probate Court Case No. 2023PR533 with letters of office issued Aug. 11, 2023.

2. Ronald Kline was preceded in death by his wife, Jill Kline, who died on Sept. 18, 2022, at age 70. Jill Kline was employed by the Regional Transportation Authority ("RTA") and was a participant in the RTA 401(k) Plan and Trust (herein "the Plan".) The Plan was administered by Empower, Inc.

3. When Jill Kline died, her surviving spouse, Ronald Kline, became entitled to his late wife's 401(k) account benefits.

4. After Jill's death but prior to his death, Ronald requested his late wife's

the funds from Empower, Inc., RTA's Plan Administrator, by letter dated December 22, 2022. **See Exhibit A**, attached.

5.     Ronald Kline never received those funds because they were requested by and distributed to Carol A. Stephen, a resident of California and Jill Kline's daughter from a prior marriage.

6.     On or about July 18, 2024, Carol A. Stephen submitted under penalty of perjury an Affidavit for Collection of Personal Property to Empower, Inc. See Affidavit attached as **Exhibit B.**

7.     In reliance on Carol Stephen's affidavit, Empower authorized and made a payout of a $184,165.32 to Carol Stephen as well as a trailing dividend of $12.24 for a **total wrongful payout of $184,177.56.**

8.     Carol Stephen's Affidavit (Exhibit B) was fraudulent: In Paragraph VII of her Affidavit (Exhibit B), Carol Stephen falsely claimed to be the sole successor to Ronald Kline, pursuant to California Probate Code Section 13006.[1]

9.     The late Jill Kline and the late Ronald Kline both resided in, and died in, the State of Illinois. California law does not apply.

10.     Further, Jill's 401(k) was *not* part of *Jill's* Estate. It is a *non-probate* asset for Jill.

11. Pursuant to the RTA 401(k) Plan itself, the Default Beneficiary upon the

---

[1] *"Successor of the decedent" means:*

*(a) If the decedent died leaving a will, the sole beneficiary or all of the beneficiaries who succeeded to a particular item of property of the decedent under the decedent's will. For the purposes of this part, a trust is a beneficiary under the decedent's will if the trust succeeds to the particular item of property under the decedent's will.*

*(b) If the decedent died without a will, the sole person or all of the persons who succeeded to the particular item of property of the decedent under Sections 6401 and 6402 or,* **if the law of a sister state or foreign nation governs succession to the particular item of property, under the law of the sister state or foreign nation.** *California Probate Code Section 13006.*

Page 2 of 4

death of the Participant (Jill Kline) is the surviving spouse (Ronald Kline). See Page 14 of the Summary Plan Description for the RTA 401(k), **attached as Exhibit C.**

12. After it was brought to the attention of RTA(PACE) that they had paid the wrong person, they reviewed the files and sent a letter demanding the return of the funds to Carol Stephen via her attorney Charles Dobra. See RTA(PACE) Demand Letter dated October 21, 2024 **attached as Exhibit D.** However, she has yet to return the funds and RTA has not followed up on their demand.

13. Estate co-counsel Kathleen Judy also sent a demand letter on February 28, 2024, which has not been complied with. **See Exhibit E, attached.** Therefore, a Citation to Recover Assets was issued against Carol Stephen on behalf of the Estate in the DuPage County Probate case and is still being litigated as of July 16, 2026. (The next court date in that case is August 28, 2026.)

14. The RTA and/or their administrator Empower, Inc. had a fiduciary duty to Jill Kline and subsequently to her spouse Ronald Kline under the Employee Retirement Income Security Act (ERISA) to discharge their duty *"with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;"* 29 USCA 1104(a)(1)(B).

15. Under ERISA, a fiduciary may delegate a fiduciary duty. *Gibson v. Truck Drivers' Union Local 42 Health and Welfare Fund,* 933 F. Supp. 1124, 1140 (D. Mass. 1996.), citing 29 USC 1105(c).

16. The *Gibson* Court went on to say that such a delegation does not necessarily absolve the fiduciary of liability and under certain circumstances may be

liable for the actions of the delegate if they have knowledge of breach of its delegate unless he makes reasonable efforts under the circumstances to remedy the breach, *Id.*, at 1140-1141, citing 29 USC 1105(a)(3).

17.     As Plan Administrator, Empower, Inc. may have had a fiduciary duty to the late Jill Kline and/or the late Ronald Kline to verify the veracity of Carol Stephen's false claims, including that the estate and property were domiciled in California and that she was the sole successor to the decedent. If so, the breached that duty by failing to verify the claims.

18.     Empower, Inc. has denied any fiduciary duty. See the letter dated April 18, 2024 from Empower counsel to Att. Kathleen Judy, attached as Exhibit F. However, it is not clear if the RTA feels the same way.

19.     Defendant RTA breached its fiduciary duty to the late Jill Kline and/or the late Ronald Kline in that if failed to supervise the Plan Administrator, Empower, Inc., in the payout of death benefits to the wrong person.

WHEREFORE, Petitioner, Dwight Kline, as the Administrator of the Estate of Ronald Kline, prays this Court enter an Order against either the Regional Transportation Authority or Empower, Inc. in the amount $184,177.56 plus costs and for any other relief the Court deems just and equitable.

DWIGHT KLINE, as Administrator
of the Estate of Ronald Kline

By:     _____

Scott Larson, attorney at law

Att. Scott P. Larson, ARDC #6225417
Vanek, Larson, & Kolb, LLC
200 W. Main St.
St. Charles, IL 60174
Ph.: 630-513-9800
E-mail: slarson@vlklawfirm.com

Page 4 of 4

To:   Fax Server   Page   1
PAGE   01

Ron Kline
754 Dunmore Lane
Bartlett, IL  60103-4778

December 20, 2022

Empower Retirement
Attention:  Beneficiary Support

Good day,

This is a request to transfer the Empower 401k account of Jill L. Kline to her designated beneficiary Ronald E. Kline due to her death on September 18, 2022.

Jill's information:
      Name:  Jill L. Kline
      SSAN: ███-██-9409
      DOB: 06/17/1952
      EOW: 9/18/2022

Ronald's information:
      Name:  Ronald E. Kline
      SSAN: ███-██-0795
      Address:  754 Dunmore Lane
                  Bartlett  IL  60103-4778
      Phone: 630-837-7310
      e-Mail: ron@rjkline.us

Thank you in advance for prompt attention to this matter.


Ronald Kline

EXHIBIT

A

Page 2 of 7 received on 7/18/2023 2:21:03 PM [Mountain Daylight Time] on server APPFAXRDT02P

# AFFIDAVIT FOR COLLECTION OF PERSONAL PROPERTY
## (IN ACCORDANCE WITH CALIFORNIA PROBATE CODE SECTION 13100)

The undersigned state(s) as follows:

I. The decedent, Ronald Kline, died on May 24 2023 in the County of Elk Grove Village, State of Illinois.

II. At least 40 days have elapsed since the death of the Decedent, as shown in a certified copy of the Decedent's death certificate attached to this affidavit or declaration.

III. No proceeding is now being or has been conducted in California for administration of the Decedent's estate.

IV. The current gross fair market value of the Decedent's real and personal property in California, excluding the property described in 13050 of the California Probate Code, does not exceed one hundred eighty-four thousand five hundred dollars ($184,500).

V. There is no real property in the estate.

VI. The following property to be transferred, delivered, or paid to the affiant under the provisions of California Probate Code Section 13100:
no possessions at this time

VII. The 1 successor(s) of the Decedent, as defined in Probate Code Section 13006 is/are: Carol Stephen.

VIII. The undersigned is The affiant or declarant is the successor of the decedent (as defined in Section 13006 of the California Probate Code) to the Decedent's interest in the described property.

IX. No other person has a superior right to the interest of the Decedent in the described property.

X. The affiant or declarant requests that the described property be paid, delivered, or transferred to the affiant or declarant.

XI. The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signature of Affiant/Declarant: _____ Dated: July 18 2023

Name and Address of Affiant/Declarant: Carol Stephen of 7450 northrop Dr Apt 432, Riverside, California, 92508

## "SEE ATTACHED DOCUMENT"

Page 1

RK - Participant - 7/18/2023



EXHIBIT

B

# NOTARY ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Riverside_

On _July 18th_, 20_23_ before me, _April Sanchez - Notary Public_ (name and title of officer), personally appeared _Carol A. Stephen_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within this Codicil and acknowledged to me that she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature

(Seal)

APRIL SANCHEZ
Notary Public - California
Riverside County
Commission # 2385053
My Comm. Expires Dec 25, 2025

Page 2

Ex. B   2/2

RK - Participant - 7/18/2023

# SUMMARY PLAN DESCRIPTION
# FOR

# Regional Transportation Authority 401(k) Plan and Trust

# November 25, 2022

**EXHIBIT**

C

1/2

Before you may receive a hardship distribution, you must represent, in writing, that you have insufficient cash or other liquid assets to satisfy your financial need.

In addition, if you have other distributions available under this Plan (or any other plan we may maintain) you must take such distributions *before* requesting a hardship distribution.

You may not receive a hardship distribution of more than you need to satisfy your hardship. In calculating your maximum hardship distribution, you may include any amounts necessary to pay federal, state or local income taxes or penalties reasonably anticipated to result from the distribution. See the Plan Administrator for more information regarding the maximum amount you may take from the Plan as a hardship distribution and the total amount you have available for a hardship distribution. The Plan Administrator will provide you with the appropriate forms for requesting a hardship distribution.

**Required distributions.** If you have not begun taking distributions before you attain your Required Beginning Date, the Plan generally must commence distributions to you as of such date. For this purpose, your Required Beginning Date is April 1 following the end of the calendar year in which you attain age 70½ (age 72, if you were born after June 30, 1949), or terminate employment, whichever is later.

Once you attain your Required Beginning Date, the Plan Administrator will commence distributions to you as required under the Plan. The Plan Administrator will inform you of the amount you are required to receive once you attain your Required Beginning Date.

The following special rules apply: If neither the Participant nor Beneficiary makes an election, distributions will be made in accordance with the life expectancy rule.

**Distribution upon disability.** If you should terminate employment because you are disabled, you will be eligible to receive a distribution of your vested account balance under the Plan's normal distribution rules.

**Distributions upon death.** If you should die before taking a distribution of your entire vested account balance, your remaining benefit will be distributed to your beneficiary or beneficiaries, as designated on the appropriate designated beneficiary election form. You may request a designated beneficiary election form from the Plan Administrator.

If you are married, your spouse generally is treated as your beneficiary, unless you and your spouse properly designate an alternative beneficiary to receive your benefits under the Plan. The Plan Administrator will provide you with information concerning the availability of death benefits under the Plan and your rights (and your spouse's rights) to designate an alternative beneficiary for such death benefits.

**Default beneficiaries.** If you do not designate a beneficiary to receive your benefits upon death, your benefits will be distributed first to the default beneficiaries identified under the Plan. Generally, distribution will be made first to your spouse and, if you have no spouse at the time of death, then equally to your surviving children and then to your estate. However, the following special rules apply in determining the default beneficiaries under the Plan: First to the Participant's spouse; then to the Participant's descendants, per stirpes; then to the Participant's parents in equal shares or the survivor of them; then to the Participant's surviving brothers and sisters in equal shares; then finally to the Participant's estate.



**Taxation of distributions.** Generally, you must include any Plan distribution in your taxable income in the year you receive the distribution. More detailed information on tax treatment of Plan distributions is contained in the "Special Tax Notice" which you may obtain from the Plan Administrator.

- **Roth Deferrals.** If you make Roth Deferrals under the Plan, you will not be taxed on the amount of the Roth Deferrals taken as a distribution (because you pay taxes on such amounts when you contribute them to the Plan). In addition, you will not pay taxes on any earnings associated with the Roth Deferrals, provided you take the Roth Deferrals and earnings in a qualified distribution. For this purpose, a qualified distribution occurs only if you have had your Roth Deferral account in place for at least 5 years and you take the distribution on account of death, disability, or attainment of age 59½. If you have made both pre-tax Salary Deferrals and Roth Deferrals under the Plan, you may designate

14



Connecting Communities

October 21, 2024

Carol A. Stephen
c/o Charles William Dobra Law Firm
675 Irving Park Road
Roselle, IL 60172

RE:  Matter of Jill Kline, Regional Transportation Authority 401(k) Plan, Distribution of
      Death Benefits

Dear Mr. Dobra,

I am writing to you on behalf of the RTA 401(k) Plan Committee ("Committee") of the Regional Transportation Authority 401(k) Plan and Trust ("Plan"), regarding a distribution paid to your client, Ms. Carol A. Stephen. The Committee oversees administration of the Plan, to ensure that benefits are paid to Plan participants and beneficiaries in accordance with the Plan's legal documents. The Plan's recordkeeper and administrative services provider (Empower) brought this matter to the Committee's attention on about May 29, 2024.

The Committee understands that you represent Ms. Carol A. Stephen, the daughter of Mrs. Jill Kline, a former Plan participant, as per the birth certificate provided to the Plan. As you are aware, Mrs. Kline passed away on September 18, 2022, and Ms. Stephen received a Plan distribution representing the balance of her mother's account (plus trailing dividends). Based on Plan terms and the facts presented to the Committee, however, Ms. Stephen is not the beneficiary of her mother's Plan account nor is she a proper representative of Mr. Ronald Kline's estate. The Committee therefore requests that Ms. Stephen promptly repay to the Plan the amounts distributed  to her. The reasons for the Committee's determination are set forth below.

The Committee understands that at the time of Mrs. Kline's death, Mr. Ronald Kline, was her surviving spouse and sole beneficiary under the Plan's default beneficiary rules. Plan records reflect that Mr. Kline contacted Empower on December 22, 2022, to inform the Plan of her death. Mr. Kline provided Empower with Mrs. Kline's death certificate and certain information related to the payment of her Plan benefits to him as her sole beneficiary (his "Survivor Benefits"). Empower then sent Mr. Kline a *Death Benefit Claim* form package on about December 28, 2022, to the 754 Dunmore Lane, Bartlett, IL 60103 address. Since the Death Benefit Claim form was not returned to Empower, the account was not transferred from Jill Kline's account to an account set up under Ronald Kline's name.



EXHIBIT

D

1   3

Mr. Kline passed away on May 24, 2023. At that time, Plan records reflected that he had not returned a completed *Death Benefit Claim* form and he had not named a beneficiary with respect to his Survivor Benefits. Plan rules require that in the absence of a beneficiary designation, his Survivor Benefits were to be paid to his estate. For your convenience, excerpts of relevant Plan terms are enclosed.

On June 15, 2023, Empower received a *Death Benefit Claim* form, completed by Ms. Stephen, requesting a full distribution of Jill Kline's Plan account. In support of her claim, Ms. Stephen provided death certificates for Mrs. Kline and Mr. Kline of 754 Dunmore Lane, Bartlett, IL 60103. Plan records show that Empower instructed your client, by letter dated on or about June 15, 2023, that Mr. Kline was Mrs. Kline's sole surviving beneficiary, and that upon his death, his estate was the default beneficiary under Plan terms.

On July 18, 2023, Ms. Stephen submitted to Empower a notarized *small estate affidavit* ("Affidavit") in which Ms. Stephen attested, under penalty of perjury, that she was the sole surviving successor to Mr. Kline's estate, no other person had a superior right to the interest of the decedent, Mr. Kline's estate was domiciled in California and no administration of the estate was pending, and the value of Mr. Kline's estate did not exceed $184,500. The Committee understands that Plan procedures provide for recognition of such affidavits for distribution purposes, and Empower paid, on July 19, 2023, the Survivor Benefits to Ms. Stephen. Empower determined that Ms. Stephen was a proper representative of Mr. Kline's estate based on its good faith reliance on the representations she made in the Affidavit. At the time the Survivor Benefits were paid, there was no knowledge of a competing claim. Trailing dividends were paid to Ms. Stephen on January 4, 2024.

The Committee understands that, by letters dated January 3, 2024 and March 26, 2024, the Plan received notice from the attorneys representing Mr. Kline's estate, copied below, that Mr. Kline's brother was appointed administrator of the probate estate, subject to administration in Illinois, with letters of office intestate issued by the Circuit Court of the 18th Judicial Circuit ("Court") on August 11, 2023. Such probate order reflects a determination by the Court that Mr. Kline left surviving as his only heirs one brother and two sisters; Ms. Stephen is not listed as an heir.

After a thorough review of the Plan's terms and facts presented, the Committee has determined that, Ms. Stephen was not a beneficiary of Mrs. Kline's Plan account and, despite Ms. Stephen's attestation under penalty of perjury to the contrary, Ms. Stephen was not Mr. Kline's sole heir nor the proper representative of his estate, the default beneficiary under Plan rules. As a result, Ms. Stephen should not have received the distribution of Mr. Kline's Survivor Benefits or the trailing dividends. As such, the Committee requests that Ms. Stephen return the funds to the Plan so that they may be properly distributed in accordance with Plan rules to Mr. Kline's estate for appropriate administration.

Please have Ms. Stephen submit a cashier's check made payable to RTA 401(k) Plan and Trust for the amount of $195,334.41 (representing the initial distribution, the trailing dividend payment, and interest on those amounts computed from the date of distribution July 19, 2023, through October

2/3

21, 2024 at the rate of 4.8%) on or before November 15, 2024. Please have your client indicate on the check that payment is for reimbursement to the account of Jill Kline.

Sincerely,

Joseph Ellyin
Chairman, RTA 401(k) Plan
Committee

cc: Kathleen M. Judy, Esq. (via U.S. mail and email kathleen@lejlaw.com)

3 / 3

Law Offices of Lauren E. Jackson, LLC

Estate Planning
Probate
Real Estate



1218 E. Main St., Ste. B
St. Charles, IL 60174
847.714.2866
224.856.5705 (fax)
kathleen@lejlaw.com

February 28, 2024

Carol A. Stephen
7450 Northrop Drive #432
Riverside, CA 92508

**VIA USPS Overnight Delivery**

Re: Estate of Ronald Edward Kline , 2023 PR000533, 18th Judicial Circuit Court, Illinois

Dear Ms. Stephen:

I represent Dwight Kline, who is the court-appointed the administrator of the Estate of Ronald Kline and, as such, he is authorized to take possession and collect the estate of his brother, Ronald. The probate estate was opened in Illinois, where Ronald died on May 24, 2023. *See enclosed Letters of Office.*

It has come to our attention that you unlawfully requested and received one of assets of Ronald Kline's Estate, that is, the RTA 401k account balance of Jill Kline when she died Sept. 18, 2022. Pursuant to the Plan and federal law, as Ms. Kline's surviving spouse, Ronald Kline should have received these funds.

In fact, Empower, the third-party administrator for the RTA 401 Plan, reports that on July 18, 2023, it sent you the $184,165.32 account balance and, in January of this year, a subsequent trailing dividend of $12.34 after you submitted a death benefit claim form and presented a small estate affidavit naming you as the "sole successor" to Ronald Kline as beneficiary under the RTA plan. *See enclosed Jan. 17, 2024, letter from Empower.*

You are NOT the sole successor of Ronald Kline – he is survived by his brother and two sisters — and you have improperly used a California form to make this claim. *See enclosed Probate Order*, including the Order declaring heirship, and Ronald's brother and sisters have superior rights to the 401k account balance you obtained.

We ask that you respond to this letter by March 15, 2024, with any reason supporting your ownership of the 401k fund balance or voluntarily disgorge these funds.

Otherwise, we have no choice but to bring a legal action to collect the funds of the Estate.

Sincerely,

*Kathleen M. Judy*

Kathleen M. Judy, Esq.
Law Offices of Lauren E. Jackson

Enclosures





April 18, 2024

VIA email (kathleen@lejlaw.com)
Law Office of Lauren E. Jackson, LLC
Attn: Kathleen M. Judy
1218 E. Main St. Ste. B
St. Charles, Ill 60174

RE: Plan Name: RTA 401(k) Plan - PACE
     Plan Number: 98917-01
     Work ID: 18014320
     Death Benefit Claim

Dear Ms. Judy:

We are in receipt of your letter of March 26, 2024. Thank you for your patience as we reviewed your concerns. Please extend our condolences for your clients' loss.

Please note Empower provides certain non-discretionary recordkeeping and administrative services to the Plan under a services agreement with the Plan Sponsor and fiduciary, RTA (the Plan Sponsor). Empower is not the Plan fiduciary, and does not act as a fiduciary with respect to the Plan or its participants.

Our prior correspondence on January 17, 2024 outlined the processing steps that were taken by Empower with respect to the claim of Carol Stephen on the account of Ronald Edward Kline. Under the terms of the above Plan, the default beneficiary of Mr. Kline's account was his estate. Ms. Stephen, on July 18, 2023, provided Empower with a small estate affidavit ("Affidavit") attesting that she was the sole successor to Ronald Kline's estate. As of current date, based on your letter, it appears that Ms. Stephen is still in possession of the funds she claimed under the Affidavit.

Empower relied on the representations of Ms. Stephen in the Affidavit which attested under penalty of perjury that:

- The value of Mr. Kline's estate did not exceed $184,500
- That the estate and property was domiciled in California and no administration of the decedent's estate was pending
- There was one successor of the decedent
- That Ms. Stephen is the successor to the decedent's interest Mr. Kline's account

8515 E. Orchard Rd.
Greenwood Village, CO 80111
empower.com

Securities, when presented, are offered and/or distributed by Empower Financial Services, Inc., Member FINRA/SIPC. EFSI is an affiliate of Empower Retirement, LLC; Empower Funds, Inc.; and registered investment adviser Empower Advisory Group, LLC. This material is for informational purposes only and is not intended to provide investment, legal or tax recommendations or advice.

"EMPOWER" and all associated logos and product names are trademarks of Empower Annuity Insurance Company of America.

**EXHIBIT**

F

1/2

K. Judy
April 18, 2024
Page 2

- That no other person a superior right to the interest of the decedent's property

Ms. Stephen's actions and representations on a validly presented and notarized Affidavit, executed under penalty of perjury and submitted to Empower as evidence of her status as the sole representative of the estate, was the impetus for Empower to rely on such document in processing the death claim payment. Empower was under no obligation under our services agreement to verify the veracity of the claimant's statements in a duly presented Affidavit or withhold payment to such claimant without knowledge and notice that such individual was not the representative of the estate and that letters of estate administration had been issued in another jurisdiction.

Empower's position is that California Probate Code statutory regime, to which Ms. Stephen availed herself under the Affidavit, continues to apply to the funds she has claimed, and requires a transferee to turnover funds to the rightful estate representative. See Ca. Prob. Code Section 13110.5, 13110(a) and (b), and specifically Section 13111 which provides that a decedent's personal representative may be entitled to restitution, interest and treble damages for a transferee's failure to honor a request to restore funds to such a transferee.

Please let us know if you require any further information as you pursue discussions with Ms. Stephen and her counsel.

Please let us know if the contact information for Charles Wm Dobra, Ltd. below is incorrect.

Sincerely,

Meredith Walsh
Senior Counsel

Cc: RTA (via email)
Charles Wm Dobra, Ltd. (via fax and regular mail)